UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| A.K.W., an individual | : | Case No.  22-CV-3256 |
| Plaintiff, | : | Judge: Algenon L. Marbley |
| v. | : | |
| RED ROOF INNS, INC., et al. | : | (*Electronically Filed*) |
| Defendants. | : | |

**DEFENDANT, RED ROOF INNS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Red Roof Inns, Inc.'s (hereinafter "RRI"), by and through counsel, for its Answer to Plaintiff's First Amended Complaint states as follows:

1. RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's First Amended Complaint and, therefore, denies the same.

2. RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's First Amended Complaint and, therefore, denies the same.

3. RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's First Amended Complaint and, therefore, denies the same.

4. RRI denies the allegations contained in paragraph 4 of Plaintiff's First Amended Complaint.

5. RRI denies the allegations contained in paragraph 5 of Plaintiff's First Amended Complaint.

6. RRI denies the allegations contained in paragraph 6 of Plaintiff's First Amended Complaint.

7. RRI denies the allegations contained in paragraph 7 of Plaintiff's First Amended Complaint.

8. RRI denies the allegations contained in paragraph 8 of Plaintiff's First Amended Complaint.

9. RRI denies the allegations contained in paragraph 9 of Plaintiff's First Amended Complaint.

10. RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's First Amended Complaint and, therefore, denies the same.

11. RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's First Amended Complaint and, therefore, denies the same.

12. RRI denies the allegations contained in paragraph 12 of Plaintiff's First Amended Complaint.

13. RRI denies the allegations contained in paragraph 13 of Plaintiff's First Amended Complaint.

14. RRI denies the allegations contained in paragraph 14 of Plaintiff's First Amended Complaint.

15. RRI denies the allegations contained in paragraph 15 of Plaintiff's First Amended Complaint.

16. RRI denies the allegations contained in paragraph 16 of Plaintiff's First Amended Complaint.

17. RRI denies the allegations contained in paragraph 17 of Plaintiff's First Amended Complaint.

18. RRI denies the allegations contained in paragraph 18 of Plaintiff's First Amended Complaint.

19. RRI denies the allegations contained in paragraph 19 of Plaintiff's First Amended Complaint.

20. RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's First Amended Complaint and, therefore, denies the same.

21. The allegations contained in paragraph 21 call for a legal conclusion to which no response is required. In the event a response is required, RRI denies the allegations contained in paragraph 21 of Plaintiff's First Amended Complaint.

22. RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's First Amended Complaint and, therefore, denies the same.

23. In response to the allegations contained in paragraph 23, RRI admits that it is a Delaware corporation with its corporate headquarters and principal place of business at 7815

Walton Pkwy., New Albany, Ohio, but denies the remaining allegations contained in paragraph 23 of Plaintiff's First Amended Complaint.

24. RRI admits the allegations contained in paragraph 24 of Plaintiff's First Amended Complaint.

25. In response to the allegations contained in paragraph 25, RRI admits that Red Roof Franchising, LLC is a Delaware limited liability company with its corporate headquarters and principal place of business at 7815 Walton Pkwy., New Albany, Ohio, but denies the remaining allegations contained in paragraph 25 of Plaintiff's First Amended Complaint.

26. RRI admits the allegations contained in paragraph 26 of Plaintiff's First Amended Complaint.

27. RRI denies the allegations contained in paragraph 27 of Plaintiff's First Amended Complaint, including all subparts.

28. The allegations contained in paragraph 28 call for a legal conclusion to which no response is required. In the event a response is required, RRI denies the allegations contained in paragraph 28 of Plaintiff's First Amended Complaint.

29. RRI denies the allegations contained in paragraph 29 of Plaintiff's First Amended Complaint.

30. RRI denies the allegations contained in paragraph 30 of Plaintiff's First Amended Complaint.

31. RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of Plaintiff's First Amended Complaint and, therefore, denies the same.

32. The allegations contained in paragraph 32 call for a legal conclusion to which no response is required. In the event a response is required, RRI denies the allegations contained in paragraph 32 of Plaintiff's First Amended Complaint.

33. RRI denies the allegations contained in paragraph 33 of Plaintiff's First Amended Complaint.

34. RRI denies the allegations contained in paragraph 34 of Plaintiff's First Amended Complaint.

35. RRI denies the allegations contained in paragraph 35 of Plaintiff's First Amended Complaint.

36. RRI denies the allegations contained in paragraph 36 of Plaintiff's First Amended Complaint.

37. RRI denies the allegations contained in paragraph 37 of Plaintiff's First Amended Complaint.

38. RRI denies the allegations contained in paragraph 38 of Plaintiff's First Amended Complaint.

39. RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of Plaintiff's First Amended Complaint and, therefore, denies the same.

40. RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of Plaintiff's First Amended Complaint and, therefore, denies the same.

41. RRI denies the allegations contained in paragraph 41 of Plaintiff's First Amended Complaint.

42. RRI denies the allegations contained in paragraph 42 of Plaintiff's First Amended Complaint.

43. RRI denies the allegations contained in paragraph 43 of Plaintiff's First Amended Complaint.

44. RRI denies the allegations contained in paragraph 44 of Plaintiff's First Amended Complaint.

45. RRI denies the allegations contained in paragraph 45 of Plaintiff's First Amended Complaint.

46. RRI denies the allegations contained in paragraph 46 of Plaintiff's First Amended Complaint.

47. RRI denies the allegations contained in paragraph 47 of Plaintiff's First Amended Complaint.

48. RRI denies the allegations contained in paragraph 48 of Plaintiff's First Amended Complaint.

49. RRI denies the allegations contained in paragraph 49 of Plaintiff's First Amended Complaint.

50. RRI denies the allegations contained in paragraph 50 of Plaintiff's First Amended Complaint.

51. RRI denies the allegations contained in paragraph 51 of Plaintiff's First Amended Complaint.

52. RRI denies the allegations contained in paragraph 52 of Plaintiff's First Amended Complaint.

53. RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of Plaintiff's First Amended Complaint and, therefore, denies the same.

54. RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of Plaintiff's First Amended Complaint and, therefore, denies the same.

55. RRI denies the allegations contained in paragraph 55 of Plaintiff's First Amended Complaint.

56. RRI denies the allegations contained in paragraph 56 of Plaintiff's First Amended Complaint.

57. RRI denies the allegations contained in paragraph 57 of Plaintiff's First Amended Complaint.

58. RRI denies the allegations contained in paragraph 58 of Plaintiff's First Amended Complaint.

59. RRI denies the allegations contained in paragraph 59 of Plaintiff's First Amended Complaint.

60. RRI denies the allegations contained in paragraph 60 of Plaintiff's First Amended Complaint.

61. RRI denies the allegations contained in paragraph 61 of Plaintiff's First Amended Complaint.

62. RRI denies the allegations contained in paragraph 62 of Plaintiff's First Amended Complaint.

63. RRI denies the allegations contained in paragraph 63 of Plaintiff's First Amended Complaint.

64. RRI denies the allegations contained in paragraph 64 of Plaintiff's First Amended Complaint.

65. RRI denies the allegations contained in paragraph 65 of Plaintiff's First Amended Complaint.

66. RRI denies the allegations contained in paragraph 66 of Plaintiff's First Amended Complaint.

67. RRI denies the allegations contained in paragraph 67 of Plaintiff's First Amended Complaint.

68. RRI denies the allegations contained in paragraph 68 of Plaintiff's First Amended Complaint.

69. RRI denies the allegations contained in paragraph 69 of Plaintiff's First Amended Complaint.

70. RRI denies the allegations contained in paragraph 70 of Plaintiff's First Amended Complaint.

71. RRI denies the allegations contained in paragraph 71 of Plaintiff's First Amended Complaint.

72. RRI denies the allegations contained in paragraph 72 of Plaintiff's First Amended Complaint.

73. RRI denies the allegations contained in paragraph 73 of Plaintiff's First Amended Complaint.

74. RRI denies the allegations contained in paragraph 74 of Plaintiff's First Amended Complaint.

75. RRI denies the allegations contained in paragraph 75 of Plaintiff's First Amended Complaint.

76. RRI denies the allegations contained in paragraph 76 of Plaintiff's First Amended Complaint.

77. RRI denies the allegations contained in paragraph 77 of Plaintiff's First Amended Complaint.

78. RRI denies the allegations contained in paragraph 78 of Plaintiff's First Amended Complaint.

79. RRI denies the allegations contained in paragraph 79 of Plaintiff's First Amended Complaint.

80. RRI denies the allegations contained in paragraph 80 of Plaintiff's First Amended Complaint.

81. RRI denies the allegations contained in paragraph 81 of Plaintiff's First Amended Complaint.

82. RRI denies the allegations contained in paragraph 82 of Plaintiff's First Amended Complaint.

83. RRI denies the allegations contained in paragraph 83 of Plaintiff's First Amended Complaint.

84. RRI denies the allegations contained in paragraph 84 of Plaintiff's First Amended Complaint.

85. In response to the allegations contained in paragraph 85 of Plaintiff's First Amended Complaint, RRI incorporates its responses to paragraph 1-84 as if fully re-stated herein.

86. The allegations contained in paragraph 86 call for a legal conclusion to which no response is required. In the event a response is required, RRI denies the allegations contained in paragraph 86 of Plaintiff's First Amended Complaint.

87. RRI denies the allegations contained in paragraph 87 of Plaintiff's First Amended Complaint.

88. RRI denies the allegations contained in paragraph 88 of Plaintiff's First Amended Complaint.

89. RRI denies the allegations contained in paragraph 89 of Plaintiff's First Amended Complaint.

90. RRI denies all allegations contained in Plaintiff's First Amended Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

91. Plaintiff's Complaint fails to state a claim against RRI upon which relief can be granted.

### SECOND DEFENSE

92. This Court lacks personal jurisdiction over RRI.

### THIRD DEFENSE

93. Venue is improper.

## FOURTH DEFENSE

94. Plaintiff's claims are barred in whole or in part because of her own comparative negligence and/or assumption of risk.

## FIFTH DEFENSE

95. Plaintiff's claims are or may be barred by the applicable statute of limitations.

## SIXTH DEFENSE

96. Plaintiff's claims may be barred by the doctrine of res judicata and/or collateral estoppel.

## SEVENTH DEFENSE

97. Plaintiff's claims of damages or liability are barred in whole or in part by her own failure to mitigate such damages.

## EIGHTH DEFENSE

98. Plaintiff's claims are barred by a doctrine of estoppel, waiver, release, fraud, unclean hands and/or laches.

## NINTH DEFENSE

99. The losses, if any, sustained by the Plaintiff were the result of conduct of persons or entities over whom RRI has no control or responsibility, and for whose conduct RRI is thus not liable.

## TENTH DEFENSE

100. Plaintiff's claims against RRI are barred because there is no causal connection between any alleged act, error, or omission by RRI and the Plaintiff's alleged damages.

## ELEVENTH DEFENSE

101. Plaintiff has failed to join all necessary parties for just adjudication pursuant to Rule 19.

## TWELFTH DEFENSE

102. Plaintiff's alleged damages were caused by a superseding, intervening act, which was beyond the knowledge or control of RRI.

## THIRTEENTH DEFENSE

103. RRI is entitled to apportionment of liability to other parties and non-parties to this action pursuant to Ohio Revised Code 2307.23.

## FOURTEENTH DEFENSE

104. Plaintiff's claims are barred in whole or in part because of her own comparative negligence and/or assumption of risk.

## FIFTEENTH DEFENSE

105. RRI respectfully reserves the right to amend its Answer to assert other affirmative defenses, claims, and defense as may become available or apparent during the course of discovery.

## REQUESTS FOR RELIEF

WHEREFORE, Red Roof Inns, Inc. respectfully requests a Judgment in its favor as follows:

A. For a trial by jury;

B. Dismissal of Plaintiff's First Amended Complaint;

C. Awarding attorneys' fees and costs taxed against Defendant as allowable by law; and

D. For such other and further relief as this Court may deem just and appropriate.

Respectfully submitted,

*/s/ Katherine L. Kennedy*
Katherine L. Kennedy (0079566)
LEWIS, BRISBOIS, BISGAARD & SMITH
250 East Fifth Street, Suite 2000
Cincinnati, OH 45202
P: (513) 808-9911 | F: (513) 808-9912
kate.kennedy@lewisbrisbois.com

and

Bradley J. Barmen
LEWIS, BRISBOIS, BISGAARD & SMITH
1375 E. 9th Street, Suite 2250
Cleveland, OH 44114
 P. (216) 586-8810
brad.barmen@lewisbrisbois.com
*Attorneys for Defendant Red Roof Inns, Inc. and Red Roof Franchising, LLC*

## JURY DEMAND

A trial composed of the maximum number of jurors is hereby requested.

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of January, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notice of such filing to all attorneys of record.

*/s/ Katherine L. Kennedy*
Katherine L. Kennedy (0079566)